IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| John Mooney, | Case No. 1:21CV1227 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| -vs- | Magistrate Judge Jennifer Dowdell Armstrong |
| Commissioner of Social Security, | MEMORANDUM OPINION AND |
| Defendant. | ORDER |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Jennifer Dowdell Armstrong (Doc. No. 17), recommending that the decision of the Commissioner be affirmed. No objections have been filed. For the following reasons, the Report and Recommendation is ADOPTED and the decision of the Commissioner is AFFIRMED.

I. Background

On June 22, 2021, Plaintiff John Mooney filed a Complaint (Doc. No. 1) challenging the final decision of the Defendant Commissioner of Social Security ("Commissioner"), denying his application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1381 *et seq*. ("Act"). Pursuant to Local Rule 72.2(b), the case was referred to the Magistrate Judge.

On May 31, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R"), in which she found that the ALJ did not err by failing to expressly analyze the Veterans Administration's disability rating regarding Plaintiff's condition. (Doc. No. 17.) The Magistrate Judge, therefore, recommends that the decision of the Commissioner denying Plaintiff's applications for benefits be

affirmed.[1] (*Id*.) Objections to the Report and Recommendation were to be filed within 14 days of service, i.e., by no later than June 14, 2023. No objections were filed.

## II. Standard of Review

The applicable standard of review of a Magistrate Judge's Report and Recommendation depends upon whether objections were made to that report. When objections are made, the district court reviews the case *de novo*. Specifically, Federal Rule of Civil Procedure 72(b) states in pertinent part:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction.

Although the standard of review when no objections are made is not expressly addressed in Rule 72, the Advisory Committee Notes to that Rule provide that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72, Advisory Committee Notes. Moreover, in *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the United States Supreme Court explained that "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

## III. Analysis and Conclusion

Here, as stated above, no objections were filed to the Report and Recommendation of Magistrate Judge Armstrong that the decision of the Commissioner be affirmed. This Court has

---

[1] In his Brief on the Merits, Plaintiff also argued that substantial evidence did not support the ALJ's Residual Functional Capacity ("RFC") determination. (Doc. No. 10.) However, as the Magistrate Judge noted, on June 29, 2022, Plaintiff and the Commissioner met and conferred by telephone conference and agreed that Plaintiff's RFC argument was "no longer at issue." (Doc. No. 15.) Thus, the Magistrate Judge did not address Plaintiff's RFC argument in the R&R.

nonetheless carefully and thoroughly reviewed the Report and Recommendation and agrees with the findings set forth therein. The Report and Recommendation of Magistrate Judge Armstrong is, therefore, ADOPTED, and the decision of the Commissioner denying Plaintiff's application for disability benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date: June 15, 2023

       s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE